IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEANDREW LARONN MENEFEE,

                     Plaintiff,

        v.

WASHINGTON COUNTY JAIL; and
ALL EMPLOYEE'S AND SUBCONTRACTORS,

                  Defendants.

Case No. 3:20-cv-01498-AC

ORDER TO DISMISS

MOSMAN, Judge.

        Plaintiff, an adult in custody at the Coffee Creek Correctional Facility[1], brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to an Order entered this date, the court granted plaintiff's Application to Proceed *In Forma Pauperis*.  However, for the reasons set forth below, the court dismisses plaintiff's Complaint.

---

[1]At the time he filed this action, plaintiff was in custody at the Washington County Jail.

1 - ORDER TO DISMISS

## BACKGROUND

In the caption of his Complaint, plaintiff names as defendants the "Washington County Jail" and "All Employee's and Subcontractors." At page two of the Complaint, however, he identifies the defendants as T. Martichuski, Monson, Rouge, and Lieutenant Stimler. Plaintiff alleges that as a result of his status at the Jail, he has been denied access to legal materials. He further alleges that defendants have the authority to change his classification status which would allow him access to legal materials and a notary. Plaintiff alleges he has submitted documents to the Washington County Circuit Court Clerk, who has failed to enter his documents in the court record of his pending criminal proceeding in that court. By way of remedy, plaintiff seeks money damages.

Plaintiff has also filed two motions for preliminary injunction. In the first motion, plaintiff contends his current custody violates his constitutional rights. By way of remedy, he seeks "injunctive relief to stop the irrepearable [sic] harm & force slavery taking place in this facility." In the second motion, plaintiff specifically seeks immediate release from custody. Plaintiff also filed a Motion for Appointment of Counsel.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff

2 - ORDER TO DISMISS

with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.    Procedural Deficiencies

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." As noted, the defendants identified in the caption of plaintiff's Complaint differ from those identified at page two. Should plaintiff file an Amended Complaint curing the substantive deficiencies noted below, the Court advises plaintiff to clearly identify all intended defendants in the caption thereof.

### II.    Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused

a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" Id. (citation omitted).

Prisoners (including pretrial detainees) have a constitutional right of access to the courts under the First Amendment. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996) (limiting this claim to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison or jail's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison or jail's program hindered his efforts to pursue a non-frivolous claim concerning a conviction or conditions of confinement. *See id*. at 354-55. The right of access to the courts, however, is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 civil rights actions. *Lewis v. Casey*, 518 U.S. at 354-55. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In order to frame a claim of a denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (finding that district properly granted summary judgment

4 - ORDER TO DISMISS

because prisoner had no "allege[d] injury, such as inability to file a complaint or defend against a charge" resulting from deficiencies in access to legal materials) (quoting *Lewis*, 518 U.S. at 353 & 353 n. 4).

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–415 (2002). The plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id*. at 413–14.

Here, plaintiff does not state a cognizable claim under the First Amendment. He does not state facts related to denial of access for direct criminal appeals, habeas corpus proceedings, and civil rights actions. Rather, he complains about interference with his defense in his underlying criminal proceeding. In addition, Plaintiff has failed to allege any injury.

The Sixth Amendment provides for access to the courts in the context of a criminal defendant's right to self-representation. A criminal defendant has a constitutional right to conduct his own defense, *Faretta v. California*, 422 U.S. 806, 834-836 (1975), and the right to self-representation necessarily includes the right to prepare a defense. *Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir.1989); *Milton v. Morris*, 767 F.2d 1443, 1145-1146 (9th Cir.1985). "An incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense." *Taylor*, 880 F.2d at 1047. A prison may, however, limit an inmate's access to law books and witnesses based on security concerns or to avoid "abuse by opportunistic and vacillating [criminal] defendants." *Id*. (citation omitted).

5 - ORDER TO DISMISS

Plaintiff's Complaint does not plead sufficient facts to show a violation of plaintiff's rights under the Sixth Amendment and access to the courts. Plaintiff alleges that he is representing himself in a criminal case, but he does not provide any details about the criminal action or what stage the proceedings are in. It is unclear, then, whether he has sustained any "actual injury" from the alleged interference with his Sixth Amendment right to self-representation. Accordingly, plaintiff's Complaint fails to state a claim upon which relief may be granted.

## III.    Motions for Preliminary Injunction

The Court DENIES plaintiff's Motions for Preliminary Injunction as plaintiff has not established a likelihood of success on the merits. *See Nat'l Inst, of Family and Life Advocates v. Harris*, 839 F.3d 823, 834 (9th Cir. 2016) (setting forth standards for preliminary injunctions). Plaintiff cannot obtain a temporary restraining order or injunction to compel his release from custody. A writ of habeas is the exclusive remedy for a prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Because a petition for writ of habeas corpus is the exclusive method by which a prisoner may seek release from custody, a temporary restraining order or injunction in a civil rights action is inappropriate.

**IV.     Motion for Appointment of Counsel**

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Agyeman v. Corrections Corporation of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)).  While the Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, the Court evaluates "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In this action, plaintiff has demonstrated sufficient ability to articulate his claims.  As noted, this case involves allegations of denial of access to the courts; the facts and legal issues involved are not of substantial complexity to necessitate appointment of counsel.  Accordingly, at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

## <u>CONCLUSION</u>

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint.  Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

The court DENIES plaintiff's Emergency Ex Parte Motion for Injunctive Relief (ECF No. 5) , Motion for Injunctive Relief (ECF No. 6), and Motion for Appointment of Counsel (ECF No. 7).

IT IS SO ORDERED.

DATED this  6th  day of November, 2020.

*Michael W. Mosman*
Michael W. Mosman
United States District Judge

8 - ORDER TO DISMISS